UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT JACKSON,

    Plaintiff,

v.

                          CASE NO. 1:12-CV-433

                          HON. ROBERT J. JONKER

MICHIGAN DEPARTMENT OF
CORRECTIONS, *et al.*,

    Defendants.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

### I.    BACKGROUND

On May 2, 2012, Plaintiff initiated this action, under 28 U.S.C. § 1983, against the Michigan Department of Corrections ("MDOC"), Northern Region Health Care, and "Unknown Potts," who is apparently a doctor at St. Louis Correctional Facility. (Compl., doc. # 1.) In his Complaint, Plaintiff alleged that the Defendants violated his Eighth Amendment rights by failing to properly treat an injury he suffered while working in a prison kitchen. (*Id.* at 3.) On May 22, 2012, the Court dismissed the MDOC from the case because Plaintiff failed to state a claim against it. (Op., doc. # 4, at 1.) Dr. Potts filed a Motion for Summary Judgment on August 24, 2012 (doc. # 9), arguing that Plaintiff had not exhausted his administrative remedies with respect to his claims against Dr. Potts. On November 5, 2012, the Magistrate Judge filed a Report and Recommendation recommending that the Court grant Dr. Potts' motion, which is unopposed. (Report and Recommendation, doc. # 14, at 6.) Instead of opposing the motion directly, Plaintiff seeks to sidestep it by requesting dismissal without prejudice. (Objection and Mot. to Dismiss Without Prejudice, doc. # 16, at 1.)

## II. LEGAL STANDARD

The Court has reviewed the Magistrate Judge's Report and Recommendation, as well as Plaintiff's Objections and request to have his case dismissed without prejudice (doc. # 16). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

## III. ANALYSIS

Under the Prisoner Litigation Reform Act, 42 U.S.C. § 1997e, a prisoner must exhaust his administrative remedies before filing a federal lawsuit under 42 U.S.C. § 1983. (*Id.* at 4.) The MDOC requires prisoners to follow a three-step process to exhaust grievances. (*Id.* at 4-5.) First, if the prisoner is unable to resolve the issue directly with the allegedly responsible staff member, the prisoner must file a Step I grievance with the appropriate grievance coordinator. (*Id.*) Second, if the prisoner is dissatisfied with the Step 1 response, he must file the appropriate form with the Step II

coordinator. (*Id.* at 5.) Third, if the prisoner remains dissatisfied, he must complete a Step III grievance, which is filed with the Grievance and Appeals Section. (*Id.*)

As the Magistrate Judge noted, Richard Russell, Manager of the Grievance Section of the MDOC, submitted an affidavit stating that "he performed a search of the MDOC's Grievance Tracking database relevant to Step III grievance appeals filed by Robert Jackson" for the time period relevant to his complaint, and that the "search revealed no records of Step III appeals being filed [by Plaintiff] during that time period." (*Id.*) Plaintiff confirms that he never filed a Step III grievance against Dr. Potts, but claims that the reason he did not file a Step III grievance was because someone told him that his issue was no longer grievable. (Mot. to Dismiss Without Prejudice, doc. # 15, at 1.) Regardless of what Plaintiff may have been told about the grievance process, however, the law is unambiguous in requiring Plaintiff to file a Step III grievance before seeking federal judicial review of his claims. *See Jones v. Bock*, 549 U.S. 199, 218-19 (2007). Consequently, Plaintiff failed to properly exhaust his remedies as to the grievances outlined in the Magistrate Judge's Report and Recommendation. *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006); *Sullivan v. Kasajaru*, 316 Fed. Appx. 469, 470 (6th Cir. 2009).

As an alternative to dismissing his case against Dr. Potts, Plaintiff asks the Court to dismiss his entire case without prejudice. (Mot. to Dismiss Without Prejudice, doc. # 15, at 1.) Plaintiff initially moved for dismissal without prejudice in a letter to the Court dated November 14, 2012. (*Id.*) He renewed his request in his Objections to the Magistrate Judge's Report and Recommendation (doc. # 16, at 1), filed on November 26, 2012. Both requests came after the Magistrate Judge filed his Report and Recommendation with the Court on November 5, 2012.

Fed.R.Civ.P. 41 governs voluntary dismissals in federal court. Fed.R.Civ.P. 41(a)(1) allows plaintiffs to voluntarily dismiss an action, without a court order: (1) by filing an appropriate notice, if the adverse party has not filed an answer or motion for summary judgment; or (2) by stipulation of the parties. In this case, neither of those conditions is satisfied because Dr. Potts has filed a motion for summary judgment and has not stipulated to dismissal without prejudice.

Fed.R.Civ.P. 41(a)(2) allows for voluntary dismissal by means of a court order. It provides that "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." FED.R.CIV.P. 41(a)(2). Whether to permit a plaintiff to voluntarily dismiss its case is a matter committed to the court's discretion. *Banque de Depots v. Nat'l Bank of Detroit*, 491 F.2d 753, 757 (6th Cir. 1974). The "primary purpose in interposing the requirement of court approval is to protect the nonmovant from unfair treatment." *Grover v. Eli Lilly and Co.*, 33 F.3d 716, 718 (6th Cir. 1994). Such unfair treatment stems not from "facing the mere prospect of a second lawsuit," but from "plain legal prejudice." *Id.*

Courts typically consider four factors in assessing whether a defendant will suffer plain legal prejudice from voluntary dismissal of an action: (1) the defendants' effort and expense of preparation at trial; (2) any excessive delay and lack of diligence on the part of the plaintiffs in prosecuting the action; (3) the sufficiency of the explanation for the need to take a dismissal; and (4) whether a motion for summary judgment has been filed by the defendants. *Bridgeport Music, Inc. v. Universal-MCA Music Pub., Inc.*, 583 F.3d 948, 953 (6th Cir. 2009) (citing *Grover*).

The weight of those factors is squarely against granting Plaintiff's Motion. First, Plaintiff delayed in moving to voluntarily dismiss his case until more than a week after the Magistrate Judge recommended dismissal *with prejudice*. Second, Plaintiff offers no explanation for the need to take

dismissal except for wanting to cure the exhaustion problem that caused the Magistrate Judge to recommend granting Dr. Potts' summary judgment motion. Third, Dr. Potts filed his motion for summary judgment in this matter more than a month before Plaintiff first requested dismissal. The inescapable conclusion is that Plaintiff, now aware of the holes in his case against Dr. Potts, wants to reset the litigation in order to take a second bite at the apple. To allow that, especially at this advanced stage of the proceedings, would plainly prejudice Dr. Potts. Moreover, the effort would be futile for Plaintiff because it is too late for him to cure his failure to exhaust.

**IT IS THEREFORE ORDERED** that the Report and Recommendation of the Magistrate Judge, filed November 5, 2012 (doc. # 14), is **APPROVED AND ADOPTED** as the opinion of this Court.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Dismiss This Case Without Prejudice (doc. # 15) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant "Unknown Potts" is **DISMISSED** as a party to this case.

The case remains open against Defendant Northern Region Health Care, as the docket sheet indicates it has not yet been served with the Complaint. (*See* doc. # 13.)


Dated:   February 14, 2013            /s/ Robert J. Jonker
                                      ROBERT J. JONKER
                                      UNITED STATES DISTRICT JUDGE